UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAKARAI WILCOX,

                    Petitioner,

v.                                    Case No. 3:06-cv-676-33JRK

JAMES R. MCDONOUGH,
et al.,

                    Respondents.
_____

**ORDER**

**I. Status**

Petitioner Dakarai Wilcox, an inmate of the Florida penal
system proceeding *pro se*, initiated this action by filing a
Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.
Thereafter, in accordance with this Court's Order (Doc. #2),
Petitioner filed an Amended Petition (Doc. #5) on September 8,
2006. Petitioner challenges a 2004 state court (Duval County,
Florida) judgment of conviction for burglary of a structure and
grand theft of a motor vehicle on the following grounds: (1) the
trial court erred by failing to give proper consideration to his
request to proceed *pro se* and to his complaints about his trial
counsel's representation, and thus Petitioner proceeded with
ineffective assistance of counsel, and (2) ineffective assistance
of trial counsel for failure to effect a proper impeachment of a
State witness's testimony during the trial by using a transcript of
the witness's pretrial testimony.

Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. #11) (hereinafter Response) with exhibits in support of their Response.[1]   Petitioner was instructed on how to properly respond, and he has responded.  <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #6); Petitioner's Reply (Doc. #13). This case is now ripe for review.

## II. Procedural History

After a jury trial, Petitioner was convicted of grand theft of a motor vehicle and burglary of a structure.  Ex. A at 66, 67, Verdicts.  On April 7, 2004, the court sentenced Petitioner, as a habitual felony offender, to concurrent terms of seven years of incarceration.  <u>Id</u>. at 91-97, Judgment.

On appeal, Petitioner raised the following claims: (1) whether the trial court erred by failing to conduct a <u>Nelson</u>[2] inquiry; (2) whether the trial court erred in denying Petitioner's motion to suppress identification; and (3) whether the trial court erred in sentencing Petitioner as a habitual felony offender for its failure to submit to the jury the question whether the extended sentence was necessary for the protection of the public.  Ex. F.  The State filed an Answer Brief, and Petitioner filed a Reply Brief.  Ex. G; Ex. H.  On February 23, 2005, the appellate court per curiam

_____

[1] Respondents' exhibits will be hereinafter referred to as "Ex."  <u>See</u> Index to Appendix (Doc. #12).

[2] <u>Nelson v. State</u>, 274 So.2d 256 (Fla. 4th DCA 1973).

affirmed without issuing a written opinion.  Wilcox v. State, 894 So.2d 251 (Fla. 1st DCA 2005); Ex. I.  The mandate was issued on March 11, 2005.  Ex. J.

On or about June 18, 2005, Petitioner filed a *pro se* motion for post conviction relief.  Thereafter, on or about August 8, 2005, he filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised the following claims: (1) the trial judge, at the suppression hearing, failed to conduct a Nelson hearing and discharge trial counsel, and therefore, the trial judge denied Petitioner the effective assistance of counsel at trial; (2) the trial judge should have discharged counsel for refusing to introduce the testimony requested by Petitioner at the suppression hearing, and ineffective assistance of counsel for counsel's failure to introduce the "facts" requested by Petitioner; (3), (4) and (5) ineffective assistance of counsel and trial prejudice for the court's sustaining the State's objection to counsel's further use of the transcript of the motion to suppress hearing; and (6) his classification as a habitual felony offender is illegal.  Ex. L at 1-6.  Also, on July 20, 2005, Petitioner had filed a Motion to Correct Illegal Sentence, in which he challenged his habitual felony offender sentence.  Id. at 7-11.

On September 8, 2005, the trial court denied both motions. Id. at 12-14.  On January 26, 2006, the appellate court per curiam affirmed without issuing a written opinion.  Wilcox v. State, 923

So.2d 1167 (Fla. 1st DCA 2006); Ex. N.   On April 7, 2006, the mandate was issued.   Ex. P.

Petitioner's Petition (signed on July 21, 2006,[3] and filed in this Court on July 27, 2006) is timely filed within the one-year period of limitations.   See 28 U.S.C. § 2244(d); Response at 3-4.

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted).   "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing.   The pertinent facts of the case are fully developed in the record before the Court.   Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999).   Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development."   Turner v. Crosby,

---

[3] The official stamp on the Petition (Doc. #1) states that Petitioner provided the Petition to the officials at Florida State Prison for mailing to the Court on July 21, 2006, and Petitioner Wilcox included his initials "DKW."

339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034
(2004).  Therefore, an evidentiary hearing will not be conducted by
this Court.

## IV.  Standard of Review

Since this action was filed after the effective date of the
Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-
132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court
will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as
amended by AEDPA.  Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th
Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261
F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104
(2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th
Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Under AEDPA,
however, the review "is 'greatly circumscribed and highly
deferential to the state courts.' Crawford v. Head, 311 F.3d 1288,
1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d
1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> [Section] 2254(d) allows federal habeas relief
> for a claim adjudicated on the merits in state
> court only if the state court adjudication
> resulted in a decision that was:  "(1) . . .
> contrary to, or involved an unreasonable[4]

---

[4] "The question under AEDPA is not whether a federal court
believes the state court's determination was incorrect but whether
that determination was unreasonable - a substantially higher
threshold." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007)
(citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)." Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of

6

<u>Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003).  <u>See</u> <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1227 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1142 (2005).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>. at 687, 104 S.Ct. at 2064.  Second, the defendant must show that counsel's deficient performance prejudiced him.  <u>Id</u>.  That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694, 104 S.Ct. at 2068.

7

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit recently stated:

> The Supreme Court has established certain principles and presumptions to guide our review of ineffectiveness claims under the flexible, case-specific standards of Strickland. We engage only in a "highly deferential" review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (quotation omitted). As a result of this presumption, a petitioner must show "that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Thus, "where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." Id. at 1314 n. 15 (quoting Williams v. Head, 185 F.3d 1223, 1228 (11th Cir. 1999)). Moreover, because the standard is an objective one, trial counsel's admission that his performance was deficient "matters little." Id. at 1315 n.16. We must also avoid "the distorting effects of hindsight" and evaluate the reasonableness of counsel's performance from the perspective of counsel at the time

> the acts or omissions were made.  <u>Strickland</u>,
> 466 U.S. at 689, 104 S.Ct. at 2065.

<u>Jennings v. McDonough</u>, 490 F.3d 1230, 1243-44 (11th Cir. 2007).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that the trial court erred by failing to give proper consideration to his request to proceed *pro se* and to his complaints about his trial counsel's representation, and thus Petitioner proceeded with ineffective assistance of counsel.  Petitioner raised the trial court error claim on direct appeal, stating the trial court erred in failing to conduct a <u>Nelson</u> inquiry.  Ex. F at 14-19; Ex. H at 2-3.  The State argued that the claim was without merit, and the appellate court per curiam affirmed without issuing a written opinion.  Ex. G at 5-9; Ex. I.  Accordingly, this trial court error claim was rejected on the merits by the state appellate court.  Thus, there is a qualifying state court decision.[5]

Further, as acknowledged by Petitioner in the Amended Petition, he raised this claim in his Rule 3.850 motion, which was

---

[5] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d at 1255.

addressed on the merits by the trial court.  In denying the Rule
3.850 motion with respect to this claim, the trial court stated:

> With regard to the defendant's general
> claim that the Court should have discharged
> counsel, it is noted that these allegations
> are utterly inconsistent with the statement
> made by the defendant to this Court at the
> conclusion of the defendant's trial and
> specifically regarding the professional
> performance of counsel.  A portion of that
> colloquy between the Court and the defendant
> at the conclusion of the State's case went as
> follows:
>
> > THE COURT: . . . -- a r e  y o u
> > satisfied with the representation
> > that you have gotten so far to this
> > point?
> >
> > THE DEFENDANT: Yes, sir.
> >
> > THE COURT: Are there any
> > witnesses that you want called that
> > Mr. Wulbern has refused to call or
> > told you why they should not be
> > called?
> >
> > THE DEFENDANT: No, sir.
> >
> > THE COURT: Has he done anything
> > that you didn't want him to do?
> >
> > THE DEFENDANT: No, sir.
> >
> > THE COURT: Has he done
> > everything that you wanted him to
> > do?
> >
> > THE DEFENDANT: Yes, sir.
>
> A copy of the transcript of the entire
> colloquy on pages 265 through 268 of the trial
> transcript is attached hereto as Exhibit A.
> Even if the defendant's current motion were
> not inconsistent with his representation on
> the record to the Court, it fails to set forth

10

any factual matters supporting his claim.
That is, the defendant has failed to show
what, if anything, defense counsel did wrong
at the trial and how correction thereof would
assure that defendant would have been found
not guilty.

. . . .

In another instance in his current
motion, the defendant also claims that the
Court should have discharged counsel for
refusing to introduce testimony requested by
the defendant. With regard to this issue, the
defendant, though specifically citing to pages
166-68 of the transcript of the motion to
suppress hearing (indicating a dispute between
the defendant and counsel), fails to assert
any facts to support his claim. That is, the
defendant's motion fails to relate what the
facts were that were known to the defendant
and relayed to trial counsel and that were not
brought before the Court. The defendant has
also failed to show how their revelation would
have affected the outcome of the defendant's
trial. Attached hereto as Exhibit C is a copy
of pages 166-168.

Ex. L at 13-14. As noted previously, upon Petitioner's appeal, the
appellate court per curiam affirmed the trial court's order.

Accordingly, the claim was rejected on the merits by the state
trial and appellate courts. Thus, there are qualifying state court
decisions. This ground should be addressed applying the
deferential standard for federal court review of state court
adjudications, as required by AEDPA. Upon a thorough review of the
record and the applicable law, it is clear that Petitioner is not
entitled to relief on the basis of this claim because the state
courts' adjudications of this claim were not contrary to clearly

established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this claim to be without merit. The record shows that Petitioner did not seek to represent himself or to discharge and replace one counsel with another counsel. Instead, at the suppression hearing, Petitioner Wilcox merely sought to be co-counsel for a brief period of time during the suppression hearing. Defense counsel, while arguing the motion to suppress, presented factual detail to the trial court and also answered the trial court's questions. Ex. A, Transcript of the January 8, 2004, Suppression Hearing at 150-55, 161-66. In concluding his argument, defense counsel stated:

> That's pretty much all I have, Judge. But I
> do think that the procedure was unnecessarily
> suggestive. And because of that, and the
> vagueness of any description that she really
> did give of what she saw, and based on her ID
> pretty much strictly on general and vague
> clothing is certainly enough to make people,
> you know, anyone think that she was also
> basing her identification upon what was told
> to her prior to that identification. We
> believe that because of that, it should be
> excluded.

Id. at 165-66.

As defense counsel concluded his argument, Petitioner Wilcox interjected: "Your Honor, can I go pro se for a second?" Id. at 166. The trial judge responded, "Not a chance, Mr. Wilcox." Id.

12

The trial judge then informed the parties that he would take the motion to suppress under advisement. Id.  After the prosecutor made another brief argument to the trial judge, Petitioner Wilcox again interjected.

> THE DEFENDANT: Your Honor, why am I being denied pro se?
>
> THE COURT:  Because you have a lawyer or -- you either have a lawyer or you're pro se. We've had this conversation before.
>
> THE DEFENDANT: But my lawyer is sitting here with me and I'm showing him something that he should have threw back at the state which might help the case, and he ain't doing that; he's saying no.
>
> THE COURT: That's because he's a skilled lawyer and you're not.  You ought to listen to him.
>
> THE DEFENDANT: This is facts.
>
> THE COURT: I'll take the matter under advisement and I'll rule tomorrow morning.

Id. at 167-68.

With respect to Petitioner's first interjection, he did not seek to discharge and replace counsel, or to represent himself for the remainder of the proceedings.  Instead, he specifically asked to represent himself very briefly "for a second" to mention more facts.  He did not attempt to complain about counsel's representation.  And, with respect to the second interjection, the trial court replied by precisely telling Petitioner that he either had a lawyer or could proceed *pro se*.  Petitioner merely wanted an

opportunity to mention more facts to the trial judge at the suppression hearing. Petitioner did not request to represent himself for the remainder of the trial proceedings. Thus, the trial judge was not required to conduct a <u>Nelson</u> inquiry when Petitioner did not clearly and unequivocally invoke his right to self-representation and/or request a discharge of his defense counsel. Finally, as noted by the Rule 3.850 court, Petitioner acknowledged, at the trial, that he was satisfied with counsel's representation. Ex. B at 265-68. Further, the trial transcript reflects adequate representation by defense counsel.

### B. Ground Two

As ground two, Petitioner claims defense counsel was ineffective for failure to effect a proper impeachment of a State witness's testimony during the trial by using a transcript of the witness's pretrial testimony. In support of his contention, Petitioner asserts that defense counsel's failure to provide the State with documents to support the witness's impeachment allowed the trial court to sustain the State's objection to the impeachment and thus deprived him of the ability to adequately cross-examine the witness during the trial. Thus, Petitioner contends that defense counsel was ineffective for failure to provide the documents to the State, failure to move for a mistrial when the trial court did not permit him to use the documents and for

14

agreeing with the court's decision to sustain the State's objection to counsel's improper impeachment.

As acknowledged by Petitioner in the Amended Petition, he raised this claim in his Rule 3.850 motion, which was addressed on the merits by the trial court.  In denying the Rule 3.850 motion with respect to this claim, the trial court stated:

> [T]he defendant complains that he was prejudiced by this Court's sustaining of a State objection to trial counsel's further use of the transcript of the motion to suppress hearing.  The defendant has failed to show how this matter would have affected the outcome of the trial.

Ex. L at 14.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order.  Accordingly, the claim was rejected on the merits by the state trial and appellate courts.  Thus, there are qualifying state court decisions.  This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based

on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence.  The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).  Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose.  United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003).  After reviewing defense counsel's cross-examination of the State's eyewitness (Ms. Ethel Edwards), it is clear that defense counsel rendered adequate assistance regarding the cross-examination of Ms. Edwards.  Ex. B at 182-91, 196-98.  Thus, given defense counsel's actions based on the record before this Court, defense counsel's performance was not deficient.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the

16

assistance that Petitioner has alleged he should have provided. Regardless of Petitioner's contention that counsel's impeachment was inadequate, the jury still heard the witness acknowledge her prior testimony concerning the identification.  Ex. B at 196-98. Thus, the ineffectiveness claim is without merit.

Therefore, the Amended Petition will be denied and this case will be dismissed with prejudice.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Amended Petition (Doc. #5) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 10th day of January, 2008.

sc 1/8
c:
Dakarai Wilcox
Ass't Attorney General

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE